J-S45023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| ANDRE HUETT | : | |
| Appellant | : | No. 88 EDA 2020 |

Appeal from the PCRA Order Entered November 4, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0131671-1990.

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED DECEMBER 8, 2020**

Andre Huett[1] appeals *pro se* from the order denying his most recent petition for relief filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On September 19, 1990, a jury convicted Huett of three counts of aggravated assault, three counts of robbery, and possession of an instrument of crime after he participated in the robbery of a grocery store.  On December 18, 1991, the trial court sentenced Huett to an aggregate term of 50 to 100 years of incarceration.  He filed a timely appeal to this Court.  In an unpublished

_____

[1] In prior appeals, this Court has spelled Appellant's surname "Huet."  Because Appellant's current notice of appeal, his docketing statement, and the PCRA court's opinion spells his name "Huett," we have corrected the caption accordingly.

memorandum filed on July 1, 1993, we affirmed Huett's judgment of sentence and our Supreme Court denied his petition for allowance of appeal on March 7, 1994. ***Commonwealth v. Huet***, 631 A.2d 1368 (Pa. Super. 1993), *appeal denied*, 645 A.2d 1313 (Pa. 1994). Huett did not seek further review. Thereafter, Huett unsuccessfully litigated PCRA petitions in 1995, 2000, 2005, and 2008.

On July 16, 2014, Huett filed a petition for writ of *habeas corpus*. Treating this filing as a serial PCRA petition, the PCRA court, on August 26, 2019, issued Rule 907 notice of its intent to dismiss this petition as untimely. Huett did not file a response. By order entered November 4, 2019, the PCRA court denied Ford's petition as untimely.[2] This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Huett now presents the following issues:

1. Whether the [PCRA] court erred by turning [Huett's] writ of [*habeas corpus*] into a PCRA [petition] and for ruling the PCRA [petition] time barred?

2. Whether the [PCRA] court erred by denying [Huett's] claim of being denied equal protection of the law and due process under [the] state and federal constitutions?

Huett's Brief at 6 (excessive capitalization omitted).

_____

[2] The certified record offers no explanation for the over five-year delay between the dated Huett filed his most recent PCRA petition and the date the PCRA court filed its Rule 907 notice.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Before addressing the merit of Huett's issues, we must first determine whether the PCRA court correctly treated his *habeas corpus* petition as an untimely PCRA petition.

Our Supreme Court has stated, it "has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. *Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016) (citations omitted); *see also Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754, 770 (2013) (reiterating that the "PCRA at Section 9542 subsumes the remedies of habeas corpus and coram nobis."). Here, because Huett's challenge to his sentence is cognizable under the PCRA, *see* 42 Pa.C.S.A. § 9543(a)(2)(vii), the PCRA court correctly treated the petition as a serial PCRA petition.

Next, we determine whether the PCRA court correctly concluded that Huett's latest PCRA petition was untimely. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one

year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time limitation for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented. 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Huett did not file a petition for *certiorari* to the United States Supreme Court, his judgment of sentence became final on June 6, 1994, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal.  ***See 4***2 Pa.C.S.A. § 9545(b)(3); U.S.S.Ct.R. 13.1.

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

*See also* 1 Pa.C.S.A. § 1908 (providing that weekends and legal holidays are not included in time computations). Thus, Huett had until June 6, 1995, to file a timely PCRA petition. Because he filed the petition at issue on July 16, 2014, it is untimely unless Huett satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

The PCRA court concluded that Huett could not establish any of the timeliness exceptions, and further found that Huett previously litigated his sentencing claim in his prior PCRA petitions. *See* PCRA Court Opinion, 11/4/19, at 1-2. Our review of the record supports both conclusions. In his petition and brief, Huett suggests that we can consider the substantive issue he raised in his petition because, despite its untimeliness, he is challenging the legality of sentence. We disagree.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). Stated differently, a petitioner must present an illegal sentencing claim in a timely PCRA petition, otherwise we do not have jurisdiction. *See Fahy*, 737 A.2d at 223; *Commonwealth v. Miller*, 102

- 5 -

A.3d 988, 995-96 (Pa. Super. 2014). Thus, Huett had to plead and prove an exception to the PCRA's time bar for the PCRA court to exercise jurisdiction over his petition.

Additionally, our review of the certified record reveals that Huett challenged the legality of his sentence in his 2008 PCRA petition. *See* PCRA Court Opinion, 6/19/09, at 2 (rejecting Huett's fourth petition as untimely, and rejecting his claim that he was sentenced improperly for separate charges that arose out of the same criminal incident; Huett did not receive any mandatory sentence enhancements).

In sum, because Huett's latest PCRA petition is patently untimely, and he cannot avail himself of any of the PCRA's time-bar exceptions, the PCRA court correctly determined that it lacked jurisdiction to address Huett's substantive claims. We therefore affirm its order denying Huett post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2020